IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SILAS MARTIN, # 145609, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 3:19cv1077-WHA-JTA |
| ) | (WO) |
| PATRICE JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus by a person in state custody, *see* 28 U.S.C. § 2254, filed by Silas Martin ("Martin") on December 23, 2019.  Doc. No. 1.  Martin challenges his conviction for attempted sodomy in the second degree entered by the Circuit Court of Lee County, Alabama, on October 30, 2007.  The trial court sentenced Martin on December 11, 2007, to a 25 year' imprisonment.  For the reasons that follow, it is the recommendation of the Magistrate Judge that Martin's § 2254 petition be dismissed for lack of jurisdiction because it is a successive petition filed without the required appellate court authorization.

### II.   DISCUSSION

The records of the court indicate that this is Martin's fourth habeas corpus petition under 28 U.S.C. § 2254 challenging his attempted-sodomy conviction and 25-year sentence.  Martin filed his first § 2254 petition with this court in September 2009.  *See Martin v. Hetzel, et al.*, Civil Action No. 3:09cv875-ID (M.D. Ala. 2009), Doc. No. 1.  In

that habeas action, this court denied Martin relief on all claims in his petition and dismissed the case with prejudice. *See id.*, Docs. No. 19, 23, & 24.

Martin filed a second § 2254 petition with this court in December 2014. *See Martin v. Gordy, et al.*, Civil Action No. 3:14cv1261-WKW (M.D. Ala. 2014), Doc. No. 1. That petition was dismissed under 28 U.S.C. § 2244(b)(3)(A) because Martin failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application. *See id.*, Docs. No. 4, 6, & 7.

Martin filed a third § 2254 petition with this court in March 2018. *See Martin v. Strickland, et al.*, Civil Action No. 3:18cv410-WKW (M.D. Ala. 2018), Doc. No. 1. Like his second § 2254 petition, Martin's third petition was dismissed under 28 U.S.C. § 2244(b)(3)(A) because Martin failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application. *See id.*, Docs. No. 5, 8, & 9.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that

2

the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1]  28 U.S.C. § 2244(b)(3)(B) & (C).

Martin's instant § 2254 petition is a successive petition subject to the limitations of § 2244(b). In denying his original § 2254 petition, this court adjudicated Martin's claims on the merits. *See Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999) (holding that a prisoner's petition was second or successive, as his initial § 2254 petition was "litigated to a conclusion on the merits" when the district court determined that the claims in the petition were "substantively without merit"). Martin furnishes no certification from the Eleventh

---

[1] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas corpus relief. "Because this undertaking [is a successive] habeas corpus petition and because [Martin] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Martin's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction, as Martin has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 21, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C.

4

§ 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*).  See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

      DONE this 7th day of January, 2020.

      /s/ Jerusha T. Adams
      JERUSHA T. ADAMS
      UNITED STATES MAGISTRATE JUDGE